# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SADIYYAH N. WEEMS,                    :
                                      :
       Claimant-Below/Appellant,    :    C.A. No. K19A-06-002 JJC
                                      :    In and for Kent County
       v.                           :
                                      :
BEGINNINGS AND BEYOND,                :
INC., & UNEMPLOYMENT                  :
INSURANCE APPEAL BOARD,               :
                                      :
       Employer-Below/Appellee.     :

## ORDER

Submitted:  September 23, 2019
Decided:  October 25, 2019

*Upon Consideration of Appellant's Appeal from the Decision of the*
*Unemployment Insurance Appeal Board –* **AFFIRMED**

**AND NOW TO WIT**, this 25th day of October 2019, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT**:

1.     Before the Court is Ms. Sadiyyah Weems' (hereinafter "Ms. Weems'") appeal from the decision of the Unemployment Insurance Appeal Board (hereinafter "the UIAB" or "the Board"). After a hearing, the Board found that Beginnings and Beyond, Inc. (hereinafter "Beginnings") had just cause to terminate Ms. Weems. She now appeals the Board's decision.

2.     Many of the facts of record were undisputed. Namely, Beginnings employed Ms. Weems as a day care teacher from August 6, 2018, until January 4, 2019. Beginnings' Employee Handbook contains its employee policies and procedures. Its "Positive Behavior Management Policy" provides "[c]hildren shall

not be yelled at, humiliated, frightened or verbally, physically or sexually abused."[1] The policy also prohibits punishing children "for toileting accidents."[2] Additionally, Beginnings' Employee Handbook contains a "Corrective Action/Termination of Employment" process. For violation of Beginnings' policies and procedures, four steps are to be taken: (1) a verbal warning in writing, (2) a written warning, (3) a final written warning, and (4) termination of employment. Nevertheless, in its policy, Beginnings also expressly reserved the right to immediately terminate an employee based upon a violation's severity.

3. On January 4, 2019, Beginnings discharged Ms. Weems because of the way she disciplined a child. At a UIAB hearing, two witnesses testified that Ms. Weems placed a child in time-out following a toileting accident. When she did, the witnesses testified that Ms. Weems told the child she would "beat his butt" and to "shut his mouth." Beginnings' owner alleged she heard these statements, and as a result, she terminated Ms. Weems without warning. At the hearing, Ms. Weems denied making the threats.

4. On February 18, 2019, a claims deputy found Ms. Weems eligible for unemployment benefits because Beginnings failed to demonstrate misconduct disqualifying her from benefits.[3] Beginnings then appealed the claims deputy's determination to an appeals referee. Following a hearing, the appeals referee affirmed the decision of the claims deputy. When doing so, she referenced that Beginnings' had no corroborating witness to support its claim that Ms. Weems

---

[1] Record, Employer's Ex. #3, at 57.
[2] *Id.*
[3] Record, "Notice of Determination," at 1. The claims deputy noted that the "employer was contacted via email to provide additional information regarding this case, including a copy of the investigation report, witness statements, company policy and child care licensing regulations; however, they have failed to respond by the deadline."

2

threatened a child. The appeals referee also based her decision in part on the fact that Ms. Weems did not first receive a warning prior to her discharge.

5. Beginnings then appealed the appeals referee's decision to the UIAB. The UIAB held a hearing on May 1, 2018. The Board heard testimony from Ms. Weems, Danielle Harrison (Beginnings' owner), Crystal Iacone (a Beginnings employee), and Katrina Deloach (the involved child's mother). Ms. Harrison testified she did not warn Ms. Weems before terminating her because her threats of physical punishment warranted immediate termination under Delaware child-care regulations and her company's policies. She emphasized that she based Ms. Weems' termination upon her threats of physical punishment and not because she placed the child in time-out. Ms. Iacone also testified that she heard Ms. Weems tell a child to "shut up" and that she would "beat his butt." To the contrary, Ms. Weems testified that she did not make such statements. The child's mother, Ms. Deloach, also testified. She told the Board that Beginnings did not inform her about the situation, that her child loves Ms. Weems, and that she had authorized Ms. Weems to place her child in time-out.

6. The Board considered the evidence presented to the Referee, the Referee's decision, the Employer's Notice of Appeal, and the evidence presented at its May 1, 2018 hearing. After doing so, it found that Beginnings had just cause to terminate Ms. Weems. It did so because it found Ms. Harrison and Ms. Iacone's testimony to be more credible.

7. As with appeals from other administrative agencies, this Court's appellate review of the UIAB's factual findings is limited to determining whether the Board's decision was supported by substantial evidence and was free from legal error.[4] Substantial evidence means "such relevant evidence as a reasonable mind

---

[4] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1221 (Del. 2015) (citing *Thompson v. Christiana Care Health System,* 25 A.3d 778, 782 (Del. 2011)).

might accept as adequate to support a conclusion."[5]  On appeal, the Court views the facts in the light most favorable to the prevailing party below.[6]  Moreover, the Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[7]  Absent any errors of law, which are reviewed *de novo*, a decision by an agency such as the UIAB that is supported by substantial evidence will be upheld unless it abused its discretion.[8]  The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[9]

8.      Here, the Board committed no error of law.  The Delaware Code provides that an individual shall be disqualified from benefits if they are terminated for "just cause."[10]  Employers bear the burden of showing by a preponderance of the evidence that a claimant was discharged for "just cause" in connection with his or her work.[11]  "Just cause" includes a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, *or the employee's expected standard of conduct*."[12]  An employer necessarily establishes the standard for acceptable conduct and performance.[13]  Moreover, the "[v]iolation of an established employer policy may constitute just cause to terminate an employee" if

---

[5] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[6] *Murphy*, 121 A.3d at 1221.

[7] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011).

[8] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[9] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000).

[10] 19 *Del. C.* § 3314(2) (providing that "[a]n individual will be disqualified for benefits . . . [f]or the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work …").

[11] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 27, 2011).

[12] *Majaya v. Sojourners' Place*, 2003 WL 21350542, at *4 (Del. Super. June 6, 2003) (emphasis added).

[13] *Id.*

4

the employee is "aware that the policy exists and that a violation of the policy may result in termination."[14]

9. Here, there was no dispute that Beginnings had a policy (1) prohibiting physical punishment and threats of physical punishment, and (2) providing that it may terminate an employee for violation of that policy. If employees violated company policy regarding discipline, they could either be given a warning or be immediately terminated dependent upon the violation's severity. The record also supported that Ms. Weems was aware of these policies and procedures. Namely, she signed a receipt of acknowledgement for Beginnings' employee handbook[15] and signed a record of her orientation training.[16]

10. After reviewing the record, the Court finds substantial evidence that Beginnings fired Ms. Weems for just cause because she violated its discipline policy. Pursuant to 19 *Del. C.* § 3323(a), this Court performs only a limited factual review. Credibility assessments of testifying witnesses are appropriately left for the fact finder, the administrative agency,[17] which in this case is the UIAB. The Board found that Beginnings' owner and employee testified credibly that Ms. Weems threatened to physically punish a child. Although Ms. Weems denied making any threats of physical punishment, the Board assigned considerable weight to the fact that Ms. Weems' witness did not corroborate her denial. Beginnings offered evidence through the testimony of two witnesses sufficient to permit a reasonable mind to conclude that Ms. Weems' termination occurred because she threatened a child with

---

[14] *Optima Cleaning Sys., Inc. v. Unemployment Ins. Appeal Bd.*, 2010 WL 5307981, at *3 (Del. Super. Dec. 7, 2010) (citing *McCoy v. Occcidental Chem. Corp.*, 1996 WL 111126, at *3 (Del. Super. Feb. 7, 1996)).
[15] Record, "Employee Ex. #4," at 60.
[16] Record, "Employee Ex. #6," at 62.
[17] *Anchor Motor Freight, Inc. v. Unemployment Ins. Appeal Bd.*, 325 A.2d 374, 375 (Del. Super. 1974) (explaining that the Superior Court's review consists of determining whether substantial evidence supports the Board's holdings, but "questions of credibility and conflicts in the evidence are resolved by the Board").

physical punishment. After weighing this conflicting testimony, the Board found Beginnings' version of the event to be more credible than Ms. Weems's version. It follows that there was substantial evidence to find that Beginnings terminated her with just cause.

**NOW THEREFORE**, for the reasons cited, the Board's decision was based upon substantial evidence and was free from legal error. Accordingly, it is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge